IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| STEPHEN MARCUS NETTLES, | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-109 |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff contests the decision of Administrative Law Judge Linda D. Taylor ("the ALJ" or "ALJ Taylor") denying his claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision or remand for consideration of the ALJ's decision. Doc. 11. Defendant asserts the Commissioner's decision should be affirmed. Doc. 12. Plaintiff filed a Reply. Doc. 15. For the following reasons, I **RECOMMEND** the Court **REMAND** the ALJ's decision to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on September 4, 2020, alleging an onset date of January 5, 2021.[1] R. 351.[2] Plaintiff filed an application for

---

[1] In subsequent records, the alleged onset date was determined to be December 8, 2019. R.11.

[2] A transcript of the entire proceedings before the Social Security Administration appears at Document Number 7. The transcript includes paginated Record cites. Docs. 7-1 to 7-5. I refer to the transcript using these same Record cites.

Supplemental Security Income on October 14, 2020.  R. 360.  On August 11, 2022, ALJ Taylor held a hearing, at which Plaintiff, who was represented by counsel, appeared by telephone. R. 63–82.  Christopher Pennington, a vocational expert, also appeared at the hearing.  Id.  ALJ Taylor denied Plaintiff's claims after the hearing in a decision issued on August 26, 2022. R. 155–170.  The Appeals Counsel remanded, instructing the reviewing ALJ to: (1) obtain additional evidence concerning Plaintiff's impairments; (2) give further consideration to Plaintiff's maximum residual functional capacity and provide rationale with specific references to evidence in the record; and (3) if warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.  R. 177–181.  ALJ Taylor held another hearing on June 14, 2023.  R. 38–45.  ALJ Taylor denied Plaintiff's claims in a decision issued on August 11, 2023.  R. 7–23.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1.

Plaintiff, born on September 4, 1974, was 45 years old at the time of the alleged onset date and 48 years old at the time of the ALJ's final decision in 2023.  R. 22.  He has at least a high school education.  Id.  Plaintiff has past relevant work as an automotive detailer.  Id.

## DISCUSSION

### I.     The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id.  If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.  Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work.  Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of a claimant's remaining ability to do work despite his impairments."  Id. at 693–94 (ellipsis in original)

3

(quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he can adjust other work in the national economy, considering his age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since his application date, December 8, 2019.  R. 13.  At step two, ALJ Taylor determined Plaintiff had the following severe impairments: osteoarthritis; borderline intellectual functioning; depression; coronary artery disease, status-post stent; and status-post non-ST myocardial infarction.  Id.  ALJ Taylor also noted Plaintiff's history of malignant melanoma, basal cell carcinoma, mild intermittent asthma, hyperlipidemia, diabetes mellitus, actinic keratosis, obesity, anxiety, and plantar fasciitis but found these conditions did not result in significant limitations for at least 12 consecutive months.  Id.  At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet the severity of a listed impairment.  R. 15.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work.  Specifically, the ALJ found Plaintiff can perform: frequent climbing of stairs and ramps; occasional climbing of ladders, ropes, or scaffolds; and frequent stooping, kneeling, crouching, and crawling.  R. 17.  Plaintiff should avoid concentrated exposure to fumes, odors, dusts, and gases.  Id.  Plaintiff can sustain simple tasks for two-hour periods.  At the next step, the ALJ determined Plaintiff is unable to perform his past relevant work as an automotive detailer.  R. 22.  The ALJ proceed to the fifth step and concluded, even with an RFC to perform a full range of light work, Plaintiff has additional limitations.  Due to these limitations, the ALJ asked a vocational expert whether jobs exist in the national economy

for an individual of Plaintiff's age, education, work experience, and RFC. The ALJ determined Plaintiff could also perform other jobs, such as a production assembler, marker, and routing clerk, all of which exist in significant numbers in the national economy. R. 22–23.

## II.     Issues Presented

Plaintiff asserts the ALJ erred for two reasons. First, Plaintiff claims the ALJ violated SSR 00-4p by failing to obtain vocational evidence and by failing to analyze an apparent conflict between the vocational expert's testimony and The Dictionary of Occupational Titles ("DOT"). Doc. 11 at 1. Next, Plaintiff claims remand is necessary because the ALJ failed to rule on Plaintiff's post-hearing objections to the vocational expert's testimony. Id. at 2.

## III.    Standard of Review

It is well established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence, or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence that a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the

court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), overruling by statute on other grounds recognized by Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV. Whether Remand Is Required Because the ALJ Failed to Address an Apparent Conflict in the VE's Testimony

Plaintiff argues the ALJ failed to comply with Social Security Ruling ("SSR") 00-4p because she failed to address an apparent conflict between the vocational expert's ("VE") testimony and the DOT.[3] Doc. 11 at 6. To resolve Plaintiff's challenge, it is important to address how the DOT categorizes jobs in terms of "reasoning levels." The DOT defines occupations by reasoning levels, identified by number (i.e., reasoning level 1, reasoning level 2, etc.). Reasoning level 1 occupations require the employee to: "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized

---

[3] All references to the VE's hearing testimony are as to the August 11, 2022 hearing. R 63–82. As noted above, this hearing precipitated the ALJ's August 26, 2022 decision denying benefits. R. 155–170. The Appeals Council remanded. R. 177–181. A second hearing was held on June 14, 2023. R. 38–45. This hearing precipitated the ALJ's final decision on August 11, 2023. R. 7–23. No VE testified at the second hearing, and all points of dispute in this case arise from on the VE's testimony at the August 11, 2022 hearing.

situations with occasional or no variables in or from these situations encountered on the job." DOT App'x C, 1991 WL 688702. Reasoning level 2 occupations require the employee to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Id.

At the hearing in this case, the ALJ presented three hypotheticals to the VE. R. 76–79. In all three hypotheticals, the ALJ asked the VE to consider an individual who is "[a]ble to perform and sustain simple tasks for two hours." For brevity, I refer to this as the ALJ's "simple tasks" limitation. It appears—and no one disputes—that the VE used the "simple tasks" limitation to identify jobs that exist in the national economy that a hypothetical individual could perform. The VE then testified that a hypothetical individual with a "simple tasks" limitation could perform reasoning level 2 occupations. The VE also identified multiple reasoning level 2 jobs that exist in the national economy that the hypothetical individual with a "simple tasks" limitation could perform. In other words, during this portion of the VE's testimony, the VE treated the "simple tasks" limitation as analogous to the ability level that is required to perform reasoning level 2 occupations (i.e., the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions"). Ultimately, the ALJ relied on the VE's testimony about the availability of reasoning level 2 jobs in the national economy to determine Plaintiff is not disabled.

Plaintiff's challenge concerns the VE's testimony during cross-examination, and, specifically, one question and answer. During that portion of the hearing, Plaintiff's counsel asked the VE: "And the, Judge's, limitation to simple task would preclude the ability to carry out detailed, written, and oral instructions, is that correct?" R. 81 (typographical errors in original).

The VE responded: "Yes, that's my understanding, yes, sir." Id. Plaintiff argues that this testimony demonstrates an apparent conflict between the VE's testimony and the DOT. Plaintiff contends that during cross-examination, the VE confirmed that the "simple tasks" limitation used by the ALJ would prevent an individual with that limitation from performing the type of work required for a reasoning level 2 jobs. Stated differently, Plaintiff argues the VE initially testified that the "simple tasks" limitation would allow an individual to perform reasoning level 2 jobs, but, then on cross, confirmed that the "simple tasks" limitation prevents an individual from performing those same jobs. Because of this contradictory testimony, Plaintiff argues the ALJ should have obtained a reasonable explanation from the VE, resolved the apparent conflict, and explained her rationale. Doc. 11 at 8, 10. Plaintiff also states he filed a post-hearing objection raising this potential conflict and, thus, ensuring the ALJ was "made aware of" the apparent conflict prior to issuing a decision. Id. at 10–11.

In response, the Commissioner argues that there is no conflict between the VE's testimony and the DOT. Doc. 12 at 4. Specifically, the Commissioner argues the Eleventh Circuit has consistently held that a "simple tasks" limitation does not preclude reasoning level 2 occupations. Id. at 4–5. The Commissioner argues that the cases that Plaintiff cites in support of his argument are largely outside of the Eleventh Circuit and are, therefore, non-binding. Id. at 5–6. Thus, the VE's testimony on cross-examination acknowledging Plaintiff's limitations does not constitute a conflict. Id.

At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v).

> Essentially, the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform. If

8

>the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled.  If the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled.

Phillips, 357 F.3d at 1239.  The ALJ "bears the burden of demonstrating that, in the light of the claimant's residual functional capacity, a significant number of jobs that the claimant can perform exist in the national economy." Gaskin v. Comm'r of Soc. Sec., 533 F. App'x 929, 930 (11th Cir. 2013) (citing Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999), and 20 C.F.R. § 404.1520(a)(4)(v), (g)(1)).  "An ALJ may determine whether a claimant has the ability to adjust to other work in the national economy by either applying the grids or using a vocational expert." Mabrey v. Acting Comm'r of Soc. Sec. Admin., 724 F. App'x 726, 730 (11th Cir. 2018) (citing Phillips v. Barnhart, 357 F.3d 1232, 1239–40 (11th Cir. 2004)).  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

SSR 00-4p requires an ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the . . . DOT."  Then, the Ruling requires the ALJ to "[e]xplain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4p, 2000 WL 1898704.  "[T]he ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1356 (11th Cir. 2018) (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)).  "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." Id. at 1363.  An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's

9

testimony." Id. at 1365.  However, "if there is 'potential tension' between Plaintiff's limitations and [a DOT job definition], that tension does not mean an 'apparent' conflict exists.  Larry v. Comm'r of Soc. Sec., No. 8:21-CV-528, 2022 WL 2128802, at *5 (M.D. Fla. June 14, 2022) (citing Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1323 (11th Cir. 2021)).

Remand is appropriate here, but not because of an apparent conflict between the VE's testimony and DOT.  Plaintiff has identified an internal conflict between the VE's own testimony on direct and on cross-examination.  On direct, the VE said a worker with a "simple tasks" limitation could perform level 2 jobs.  But then, on cross, the VE said someone with a "simple tasks" limitation could not carry out detailed, written, and oral instructions, which is required for reasoning level 2 jobs.

There is no conflict between the VE's testimony and the DOT.  The Eleventh Circuit Court of Appeals has consistently held that there is no apparent conflict between a "simple tasks" limitation—like the one articulated by the ALJ here—and reasoning level 2 occupations. See, e.g., Peterson v. Comm'r of Soc. Sec., No. 21-10086, 2021 WL 3163662 (11th Cir. July 17, 2021); Valdez v. Comm'r of Soc. Sec., 808 F. App'x 1005 (11th Cir. 2020).  Plaintiff points to the VE's inconsistent statements as evidence of a conflict, but the VE's statements do not actually conflict with the DOT.  Therefore, there no was apparent conflict for the ALJ to resolve.

Rather than a conflict between the DOT and the VE's testimony, the VE testimony was internally contradictory.  First, the VE testified that someone with a "simple tasks" limitation could perform level 2 jobs, but he later testified that someone with a "simple tasks" limitation could not carry out detailed written and oral instructions.  The VE's contradictory testimony created a "critical void in the record."  Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1282–83 (11th Cir. 2020).  Every job the VE identified requires a reasoning level of 2.  But the VE

testified that someone with Plaintiff's "simple tasks" limitation could not perform reasoning level 2 jobs. The VE essentially testified that an individual with a "simple tasks" limitation both could and could not perform reasoning level 2 jobs. Therefore, substantial evidence does not support the ALJ's reliance on the VE's testimony. See id. (finding that a VE's internally inconsistent testimony created a critical void in the record and stating that "[i]t is not our job or duty to speculate on what the testimony would have been without the error").

The decision in Barry C.S. v. Kijakazi is particularly instructive. 625 F. Supp. 3d 1342 (N.D. Ga. 2022). The court there evaluated a remarkably similar set of circumstances. In Barry, the ALJ relied on a VE's testimony in concluding the plaintiff was not disabled. The VE testified that an individual with the plaintiff's RFC could perform reasoning level two jobs. But then, the VE also testified that someone with a "simple tasks" limitation could not "carry out detailed instructions." Id. at 1351. The court determined that the VE's internally contradictory testimony created a "critical void" that required remand. Id. at 1352. Because an "'internal conflict and ambiguity' in 'the VE's testimony'" created a question of whether the claimant had available jobs, the court concluded that the ALJ should have resolved the conflict. Id. (quoting Wallace v. Barnhart, 256 F. Supp. 2d 1360, 1374–75 (S.D. Fla. 2003)).

The analysis in Barry is persuasive. There, as here, the VE testified in a way that made it impossible for the ALJ to know whether work was available in significant numbers in the national economy that Plaintiff had the ability to perform. The VE's testimony, therefore, "lacked a baseline of reliability" and remand is necessary to fully develop the record. Barry, 625 F. Supp. 3d at 1352 (quoting Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1285 (11th Cir. 2020)).

**V.     Whether the ALJ Should Have Ruled on Plaintiff's Post-Hearing Objection**

Plaintiff additionally argues that remand is appropriate because "the ALJ failed to rule on, or even acknowledge" Plaintiff's post-hearing objection. Doc. 11 at 13 (referring to post-hearing submission found at R. 498). In support, Plaintiff cites HALLEX § I-2-5-30(B), which states that the "ALJ will respond to any objections, either in writing or on the record." The Commissioner disagrees, arguing that the ALJ followed HALLEX and Plaintiff waived the right to challenge the VE's ability to testify by not objecting during the hearing. Doc. 12. Plaintiff filed a Reply addressing each of the Commissioner's responsive arguments. Doc. 15.

HALLEX, or the "Hearings, Appeals, and Litigation Law Manual[,] is a policy document that provides guidance on procedural matters." Warren v. Astrue, 830 F. Supp. 2d 1369, 1372 (S.D. Fla. 2011). The Eleventh Circuit "has not decided whether HALLEX carries the force of law." Rowland v. Colvin, Civ. Action No. 5:15-cv-61, 2017 WL 945021, at *3 (S.D. Ga. Mar. 10, 2017) (citing McCabe v. Comm'r of Soc. Sec., 661 F. App'x 803, 805 (11th Cir. 2016)). Even assuming it does carry the force of law, remand based on a failure to follow HALLEX would only be required if the violation prejudiced the claimant. Id. (citing Weber v. Comm'r of Soc. Sec., No. 2:16-cv-25, 2017 WL 727765, at *3).

It is undisputed that the ALJ did not address any post-hearing objections in her decision, though HALLEX appears to require it. Plaintiff admits that the objection lodged after the hearing constituted fundamentally the same issue as the VE's testimony during the hearing. Doc. 11 at 10. Because this case is subject to remand on the exact same grounds raised by the objections, the Court need not address the question of whether compliance with HALLEX would

independently require remand.[4]  See Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (finding that because one issue warranted remand, the court need not address other issues).

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **REMAND** the ALJ's decision to the Commissioner under sentence four of 42 U.S.C. § 405(g).  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

---

[4] If the Court adopts my recommendation to remand on the first issue presented, it need not address this second issue.  And, to be clear, the Commissioner's arguments on the second issue do not impact my analysis of the first issue.  On the second issue, the Commissioner argues that Plaintiff waived his right to challenge the VE's ability to testify by not objecting during the hearing.  Even if that were correct—a conclusion I do not reach—it would not resolve the "critical void" created by the VE's contradictory testimony.  Because of the "critical void" created by the VE's testimony, the ALJ's reliance on the VE's testimony is not supported by substantial evidence.  The Court is aware of no authority that would suggest a plaintiff waives his ability to challenge the ALJ's ruling under the substantial-evidence standard merely by not objecting to particular testimony during the hearing.  Moreover, Plaintiff did present this issue to the ALJ before the ALJ issued her final decision. R. 498.  Ultimately, Plaintiff did not—and likely could not—waive a challenge to the ALJ's reliance on the VE's contradictory testimony.  See Barry C.S., 625 F. Supp. 3d at 1351 (concluding the plaintiff did not waive a "critical void" challenge arising from a VE's testimony by not objecting at the hearing because the plaintiff raised the issue after the hearing but before the final decision was issued).

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of March, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA